# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CORETTA COLLIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-1224-D** |
| | ) | |
| **LOUIS DeJOY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed an Application To Proceed In District Court Without Prepaying Fees or Costs (*In Forma Pauperis* ("IFP")).  (Doc. 2).  Chief United States District Judge Timothy D. DeGiusti referred the motion to the undersigned Magistrate Judge consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 4).

The filing fee in civil cases is presently $405.00.[1]  Under 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor.  *See Grimes v. TCF Bank*, 769 F. App'x. 659, 660 (10th Cir. 2019) (reviewing a district court order denying an IFP application for an abuse of discretion); *Cabrera v. Horgas*, 1999 WL 241783, at *1 (10th Cir. 1999) ("The decision to grant or deny in forma pauperis [IFP] status under § 1915 lies within the sound discretion of the trial court.").  "Section 1915(a) applies to all persons applying for IFP status, and

---

[1] The total filing fee includes a base fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citation omitted).

Plaintiff states that she receives $1,495.00 per month as take-home pay from her job as well as an additional $720-$900 of pre-tax income per month from part-time work. (Doc. 2, at 1). She states that she has monthly expenses of $1,550. (*Id.* at 2). Even taking into account potential taxes on her part-time work, Plaintiff's monthly income exceeds her monthly expenses by over $405.00. And although Plaintiff identifies credit card debt of $2,360.00, (*id.*), the bank account statement she provided does not indicate any payment on such debt. (*Id.* at Ex. 2, at 4-7). Thus, "the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee." *Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009) (citing *Lister*, 408 F.3d at 1312). While the court does not suggest that [Plaintiff] is wealthy or has lots of money to spend, [Plaintiff] does appear to have discretionary income . . . . It appears that [Plaintiff] has the ability to spend [ ] discretionary funds on filing fees if [Plaintiff] desires." *Lewis v. Ctr. Mkt.*, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010).

Based on Plaintiff's Application, the undersigned finds that Plaintiff "has sufficient [income and] assets to warrant the requirement . . . that fees be paid." *Wasko v. Silverberg*, 180 F. App'x 34, 35 (10th Cir. 2006).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the court **DENY** Plaintiff's Application for Leave to Proceed IFP (Doc. 2).  The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to the refiling.  LCvR 3.3(e).

**Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by December 18, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection waives her right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

**ENTERED this 27th day of November, 2024**.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE