IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORETTA COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-1224-D |
| ) | |
| DAVID P. STEINER, Postmaster ) | |
| General, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Plaintiff Coretta Collier's "Motion for Sanctions Against United States Postal Service For Continued Direct Contact, Retaliatory Separation Delivery" [Doc. No. 34]. Defendant filed a response [Doc. No. 35], and Plaintiff replied [Doc. No. 37]. The matter is fully briefed and at issue.

Plaintiff moves for sanctions under FED. R. CIV. P. 11 and 37. Rule 11 provides in part that, by signing or submitting filings, an attorney or pro se party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). The Court may sanction a party or attorney who violates Rule 11(b). FED. R. CIV. P. 11(c). The Court may also sanction a party under Rule 37 for failure to cooperate in discovery or "fail[ure] to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b).

1

Upon review of Plaintiff's motion, the Court does not find any conduct by USPS or Defendant Steiner that violates Rule 11. Plaintiff complains of conduct such as USPS sending her a "Notice of Separation – Disability" via both certified mail and priority express mail, arguing that the "deliberate dual-mailing demonstrates calculated pressure." [Doc. No. 34, at 2]. Plaintiff also alleges that USPS falsely stated in a July 22, 2025 letter that Plaintiff was "totally unable to report to duty." *Id.* This allegation relates to the merits of Plaintiff's Rehabilitation Act claim—it is not sanctionable conduct. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 858 (10th Cir. 2018) ("Rule 11 does not generally apply to a party's out of court conduct."). Moreover, Plaintiff's motion does not comply with Rule 11(c)(2). FED. R. CIV. P. 11(c)(2) ("The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

Similarly, Plaintiff has not alleged any conduct by USPS or Defendant Steiner that implicates Rule 37. Notably, when Plaintiff filed her motion for sanctions, discovery had not yet commenced. Thus, Plaintiff has not shown that USPS or Defendant Steiner have failed to cooperate in discovery or failed to obey an order to provide or permit discovery, as required for sanctions under Rule 37.

For these reasons, Plaintiff's "Motion for Sanctions Against United States Postal Service For Continued Direct Contact, Retaliatory Separation Delivery" [Doc. No. 34] is **DENIED**.

**IT IS SO ORDERED** this 8th day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge